UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINA THOMAS,

        Plaintiff,

vs.
                                        Case No. 12-14689
                                        HON. GERSHWIN A. DRAIN

PLYMOUTH EDUCATIONAL CENTER,
et al.,
        Defendants.

_____/

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAUPERIS (#2) AND DISMISSING COMPLAINT PURSUANT TO
28 U.S.C. § 1915(e)(2)(B)(ii)

      Plaintiff Elaina Thomas filed a *pro se* complaint and application to proceed without prepayment of fees on October 23, 2012. Upon reviewing the application, the court is persuaded that Thomas is unable to pay the fees associated with the filing of her complaint. Plaintiff's application to proceed without the prepayment of fees, or *in forma pauperis* ("IFP"), is hereby GRANTED. *See* 28 U.S.C. § 1915(a)(1).

      Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this court must dismiss Thomas's complaint upon determining that her complaint fails to state a claim on which relief may be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). To state a claim upon which relief may be granted, the plaintiff's factual allegations must present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 564, 127 S. Ct. 1955, 1970 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n*

*of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 127 S. Ct. at 1965).

Thomas alleges that Ms. White violated a confidentiality agreement by releasing her son's Individualized Education Program ("IEP") test to a case worker for Child Protective Services. Thomas fails to allege the deprivation of a constitutional right, or a violation of the laws or treaties of the United States. *See* 28 U.S.C. § 1331. To the extent Thomas alleges a state law claim, she has not alleged facts that could support a finding of federal diversity jurisdiction. *See* 28 U.S.C. § 1332. Thomas and the named defendants are citizens of the State of Michigan. Further, she alleges that the amount in controversy totals $25,000.00, thus the amount in controversy does not exceed the sum of $75,000.00, a requirement for diversity jurisdiction. *Id.*

Accordingly,

Plaintiff Elaina Thomas's complaint is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *McGore*, 114 F.3d at 612.

SO ORDERED.

Dated: October 29, 2012

                                              /s/Gershwin Drain
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 29, 2012, by electronic and/or ordinary mail.

s/ Tanya R Bankston
Deputy Clerk

---